No. 26-1073

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| JANE F. GIRARD, | ) | Appeal from the United States District |
|     Plaintiff - Appellee, | ) | Court for the Northern District of Illinois, |
| | ) | Eastern Division. |
| and | ) | |
| | ) | |
| KENTON GIRARD, | ) | |
|     Defendant/Cross Counter | ) | No. 1:26-cv-00042 |
|     Defendant - Appellant, | ) | |
| | ) | |
| v. | ) | The Honorable |
| | ) | JEREMY C. DANIEL |
| MARISSA GIRARD, | ) | Judge Presiding. |
|     Defendant/Cross Counter | ) | |
|     Plaintiff - Appellee. | ) | |

**MOTION TO ENFORCE JURISDICTION**

Defendant-Appellant, Kenton Girard, in pro se, hereby submits his motion to enforce jurisdiction pursuant to FRAP 27:

1.    On January 14 2026 around 12:05 PM, Defendant-Appellant filed his Notice of Appeal hereunder (Dkt 25), challenging, *inter alia*, the propriety of the district court's remand order entered roughly thirty minutes prior.

2.    On January 15, 2026, the Clerk of the United States District Court for the Northern District of Illinois, Thomas Bruton, signed and dated a letter purporting to certify and transmit the remand order to the state court (Dkt. 28).

3.    However, once the Notice of Appeal was filed, the district court was immediately divested of authority over all aspects of the case involved in the appeal—including the act of

1

certifying and mailing the remand order. Any such action taken after the filing of the Notice of Appeal is a nullity. Because the clerk-to-clerk transmission was unauthorized, jurisdiction did not revest in the state court under 28 U.S.C. § 1447(c). Instead, jurisdiction flowed directly to this Court.

4. The Supreme Court has made clear that the filing of a notice of appeal "is an event of jurisdictional significance," operating like a switch that transfers authority from the district court to the court of appeals. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Once the notice is filed, the district court must "halt all proceedings relating to the appeal." *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 741 (2023).

5. Under the Griggs principle, the district court is divested "upon the filing of a notice of appeal," and loses control over "those aspects of the case involved in the appeal." *Griggs*, 459 U.S. at 58; *Coinbase*, 599 U.S. at 740–41. The propriety and effect of the remand order are plainly "aspects of the case involved in the appeal."

6. The Fourth Circuit recently applied *Griggs* and *Coinbase* to this precise chronological scenario. In *City of Martinsville v. Express Scripts, Inc.*, No. 24-1912 (4th Cir. 2025), the court held that once a notice of appeal is filed — there in the context of removal under § 1442 — the district court must cease all actions related to the remand, including the mailing of the certified remand order if it has not yet occurred. The logic applies equally here, where appellate review is sought under 28 U.S.C. § 1443.

7. The Supreme Court has repeatedly emphasized the importance of inter-circuit uniformity and has encouraged courts of appeals to consider and adopt the persuasive reasoning of their sister circuits when addressing questions of first impression. See *United States v. Mendoza*, 464 U.S. 154, 160 (1984) (explaining the value of allowing multiple circuits to explore

a difficult question); *United States v. Estate of Romani*, 523 U.S. 517, 530 (1998) (approving a court of appeals for following other circuits' reasoning); *Smith v. United States*, 508 U.S. 223, 230 (1993) (treating the unanimous view of the courts of appeals as a strong indicator of correctness). Consistent with this guidance, this Court should adopt the Fourth Circuit's clear and logical rule in *City of Martinsville*.

8. The relief requested is significant. Despite Appellant's notice to the state court that jurisdiction had not returned—given the chronology described above—the state court nevertheless ruled that the (void) federal clerk's letter restored jurisdiction and proceeded to conduct a trial on February 4–6, 2026. A copy of the order setting the matter for trial, issued by Cook County Associate Judge William Yu, is attached as **Exhibit 1**.

9. Additionally, as of February 15, 2026, the state family court has been divested of authority under the Illinois Constitution to make custody determinations, because the twins who were the subject of the proceedings have now reached the age of majority.

**WHEREFORE**, Defendant-Appellant Kenton Girard hereby requests that this Court:

a.  Declare that, based on the timing of the Notice of Appeal, jurisdiction never returned to the state court;

b.  Hold that any proceedings, rulings, directives, or orders issued by the state court after the filing of the Notice of Appeal—and before issuance of this Court's mandate—are void; and

c.  Grant such further relief as this Court deems appropriate.

**Dated:** February 18 2026            Respectfully submitted,

/s/ Kenton Girard
Defendant-Appellant, In Pro Se
965 Forestway Drive
Glencoe, IL 60022
kg5252@yahoo.com
Tel: (773) 575-7035

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on February 23 2026, I filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by presenting this paper to the intake counter at the Everett McKinley Dirksen United States Courthouse, Room 2722, 219 S. Dearborn Street, Chicago, IL 60604. Additionally, I have served the foregoing on all counsel of record via email and on Marissa Girard, who is pro se hereunder, also via email.

**Dated:** February 23 2026            /s/ Kenton Girard

# EXHIBIT 1

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION

| | |
|---|---|
| IN RE: THE FORMER MARRIAGE OF ) <br> ) <br> KENTON GIRARD, ) <br>       Petitioner, ) <br> ) <br> and ) <br> ) <br> JANE GIRARD, ) <br>       Respondent, ) <br> ) <br> and ) <br> ) <br> MARISSA GIRARD, ) <br>       Third Party Respondent. ) | No. 2015 D 009633 <br><br> **ENTERED** <br> Judge William Yu-2221 <br> **JAN 2 1 2026** <br> MARIYANA T. SPYROPOULOS <br> CLERK OF THE CIRCUIT COURT <br> OF COOK COUNTY, IL |

## ORDER

**THIS MATTER** coming before the Court on January 16, 2025 at 10:30 a.m. for presentation of Jane's *Emergency Motion to Reset Trial Dates* via Zoom; Petitioner Kenton Girard (Kenton") present on Zoom, and representing himself Pro Se; Respondent, Jane Girard ("Jane") present on Zoom, and represented by Beermann LLP; Third Party Respondent Marissa Girard ("Marissa") not appearing on Zoom, represented by Toma Makedonski, present on Zoom; the Court having reviewed the above pleading inclusive of all exhibits filed by Jane Girard; the Court having heard argument from each party's counsel and Mr. Girard, pro se; the Court having jurisdiction over the parties and the subject matter and being fully advised in the premises;

**IT IS HEREBY ORDERED:**

    1.    The Court finds this matter to be an emergency, and GRANTS Jane's *Emergency Motion to Reset Trial Dates.*

2.  Trial on all pleadings (those delineated in Paragraphs 5a. through 5q. of the Court's Order of October 7, 2025) is hereby re-set to the following dates: February 4, 5, and 6, 2026, at 10:30 a.m. each day, in person, in Courtroom 3005.

3.  The Trial may be conducted, in the Court's discretion, in a hybrid manner and any party/witness who is unable to be present in person on the above-referenced Trial dates may seek leave of Court to appear via Zoom, by Tuesday, January 27, 2026.

ENTERED:

_____
Judge William Yu  2-22-1

Order Prepared By
**BEERMANN LLP**
Attorneys for Respondent
161 N. Clark St., Ste. 3000
Chicago, IL 60601
Tel: 312-621-9700
Firm No. 80095
ejmirabelli@beermannlaw.com
kpaige@beermannlaw.com
clmeyers@beermannlaw.com

Petitioner – kgs5252@yahoo.com
Attorney for Third Party Respondent – legaltma@gmail.com